*Wood, J.
The rule in simple contracts appears to be settled, that to give a note or other security for a prior engagement is no discharge of the original agreement, unless the latter be paid *199 or performed, or, unless it was the understanding of the parties that the latter should extinguish the former. It has accordingly been held that the merchant who disposes of his wares and receives a note or bill at any number of days, if the note or bill is not paid at maturity, may set up the original consideration and recover iuindebitatus assumpsit, on the common count for his goods. Numerous are the decisions in New York and Pennsylvania to this effect.
But when a bond or sealed instrument is taken for a simple contract debt, the former is of a higher nature than the latter, and the simple contract is merged, lost, and discharged by the bond. 1 Bay S. C. 495; 1 Hall, 292. The presumption is, that such was intended by the parties where a security of a higher nature is received, and that, too, whether it be the bond of the debtor or a third person. Such, then, being the situation of these parties, the complainants having the bond of Hale, one of the respondents, for the debt of all, it is clear the complainants have no remedy at law. It is equally clear they are remediless in equity, unless upon the ground averred in the bill, and admitted by the demurrer, that both the parties were under a mistake as to the legal effect of the execution of the bond, and its operation to discharge all but the individual partner who sealed it. Upon this last ground, if there was no other point to be considered, the court are unanimous in their opinion the complainants would be entitled to relief. This is one of the original grounds of equity jurisdiction. Though it is beyond the reach oí a court of law, in ordinary cases in equity mistake may be molded nto any shape to meet the intentions of the parties when it occurred. The counsel for respondents claim, however, that upon this ground the complainants’ bill can not be sustained, because if a mistake has occurred, it is a mistake of law, and a court of equity will not attempt to correct mistakes in that which every, man is presumed to know. Rules of policy are, sometimes, it *is true, adhered to with great tenacity, and the common good of a whole community requires, oftentimes, that they should not be relaxed. There are, however, other cases where the proof has been so clear as to overthrow this presumption, and whore individual hardship was so great that they have, occasionally at least, been permitted to stand as exceptions to, if not to form general rules under which to grant relief. I do not know that I am authorized by a majority of my brethren to say a mere mistake of *200 law may be corrected, but I am authorized to say that relief might be granted in the ease at bar if it depended on the case of mistake made in the bill. The inquiry then is, what is the mistake as averred in the bill and admitted by the demurrer ? Is it of law or fact? The bond given by Hale was precisely such as was agreed to be given. It was executed in the manner it was agreed to be executed. It contained every stipulation the parties supposed it contained, but they were mistaken in its legal effect. Its operation was to discharge H. & R. Partridge, and charge only Hale, who was insolvent, with the debt. This neither the complainants nor the respondents designed. Is it not then manifest that it was a sheer mistake of law, and may not such in certain cases afford ground for relief in equity ?
By two of the judges of this court, relief was granted in a case by no means dissimilar, on the circuit in Cuyahoga county, at the last term. I cite from memory only, as I have with me no note of that case. Cushing had been negotiating with Clark, Hilliard, and Clark, for the purchase of two lots of ground. He concluded, not to complete the contract. The parties had proceeded so far that two blank contracts had been filled up, but not signed by Cushing. In this situation Hall applied to purchase the two lots, and, to avoid trouble and expense, it was agreed Cushing should sign the contracts and assign them over to Hall, one of the vendors, saying that Cushing would not be liable upon it for the purchase money, and Cushing being advised to the same import by others.
Hall failed to make payment, and the vendors, threatening to enforce the collection of Cushing, the contracts were *decreed to be canceled as against him. In Muskingum county, at the last term, a bill was pending to enforce the collection of interest upon a mortgage, and a mistake of law was set up by way of defense; that it was understood between the parties, by the terms employed, that if the mortgager paid the principal punctually, the interest was not, in law, demandable, and the court refused a decree to the complainant, the principal having been punctually paid. The case of Hunt’s Adm’r v. Rousmanier, 8 Wheat. 212 has been the subject of much comment. It is cited by both the parties in this ease to show that equity will and will not relieve against a mistake of law merely. I have not had time to apply the investigation of it anew, but it is certain that the bill was brought to correct the instrument executed between *201 the parties, because the legal effect was not such as the parties •supposed it to be, from the terms employed by the draughtsman, though as to the actual language used there was no mistake. In this case Chief Justice Marshall delivered the opinion of the court. He observed, we aré called upon to say, whether a mistake may be corrected, and that mistake is clearly at law. For the instrument is such as the parties supposed it was; the terms used are such, .and there is no mistake of fact. He then reviews all the authorities, and comes to the conclusion that there is no one of them where the point was necessary to be decided, and where it had been expressly held that such mistake could not be corrected, and lays it down as a general rule that when, from the terms used in an instrument, it fails to carry out the clear and manifest intention •of the parties, it will be reformed in equity to meet that intention and decreed accordingly. And yet this very case is cited by Judge Story,- in his treatise upon equity, to show that a court of -equity will not relieve for a breach or omission of duty arising from a mistake of law. 1 Story’s Com. on Eq. 121.
But unfortunately for the complainants, there is another point in this case which destroys all right to the relief prayed, on the principle of mistake, whether such mistake be of fact or of law. It is averred by the complainants that when they *applied to their attorney to collect the bond, they were surprised to learn that Hale only, who sealed it, was bound by it; that afterward they caused a judgment to be entered, and execution to be issued against Hale. These proceedings were after the mistake had come to their knowledge. The complainants, notwithstanding, per•severed, and tried their remedy at law against Hale, without effect. By thus proceeding, after the mistake was known, they ratified and confirmed the'arrangement, as it then stood; and it is, after this, too late for them to reform it. As .well might the •defendants have claimed not to be bound had they confirmed the •act of Hale, in the execution of the bond, in which case, it is well settled the complainants would have had a remedy at law against .all the partners. Bill dismissed, with costs.